THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LESTER COX, | CASE NO. C19-1486-JCC |
| Plaintiff, | ORDER |
| v. | |
| MIRA NARKIEWICZ, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Mr. Cox's second motion to appoint counsel (Dkt. No. 38), Defendants' response to the Court's order requesting additional information about the status of the Stafford Creek Law Library (Dkt. No. 40), and Mr. Cox's motion for sanctions (Dkt. No. 42). Having thoroughly reviewed the parties' briefing and the relevant record, the Court DENIES Mr. Cox's motion to appoint counsel, EXTENDS the deadline for Mr. Cox to object to Magistrate Judge Peterson's Report and Recommendation (Dkt. No. 29) until April 30, 2021, and DENIES Mr. Cox's motion for sanctions (Dkt. No. 42).

As the Court noted in its previous order, when determining whether exceptional circumstances justify the appointment of counsel, the Court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Having considered those

factors, the Court concludes that this case does not present exceptional circumstances justifying appointment of counsel. Mr. Cox's filings show he is capable of articulating his claims *pro se*.

Defendants concede the Stafford Creek Law Library has been closed for several months but report that inmates at Stafford Creek may request copies of specific court rules, such as the Federal Rules of Civil Procedure. (*See* Dkt. No. 41 at 2.) Mr. Cox argues that inmates are not provided with a list of the rules from which to select, so they can request only rules with which they are already familiar. (*See* Dkt. No. 42 at 3.) In addition, Mr. Cox argues that inmates are not currently being provided access to judicial opinions. (*Id.* at 4.) The Court agrees with Mr. Cox that not being able to browse the rules or examine case law is likely to impact his ability to object to the R&R. Accordingly, the Court finds good cause to further EXTEND Mr. Cox's deadline to object to the report and recommendation until April 30, 2021. If the Law Library does not open by April 15, 2021, Mr. Cox may file another motion to extend the deadline to object to the R&R.

Mr. Cox argues that the Court should sanction Defendants' attorney and Salina Brown, an administrative assistant at Stafford Creek who provided a declaration, for making "misleading and blatantly false statements and representations to [the] court." (Dkt. No. 42 at 12.) This motion appears to be based primarily on Ms. Brown's statement that Stafford Creek "went into restricted movement status on 12/5/20." (Dkt. No. 41 at 2.) Mr. Cox alleges that statement is false because Stafford Creek "was on modified or restricted movements prior to December 3, 2020." (Dkt. No. 42 at 1–2.) Ms. Brown attached a letter to her declaration from Incident Commander Dan Van Ogle stating that the facility "mov[ed] to Restricted Movement due to COVID-19" on December 5, 2020. (Dkt. No. 41-1 at 2.) In a previous filing, Mr. Cox submitted the same letter, (Dkt. No. 35 at 14), and stated that "On Dec. 5, 2020 Petitioner's unit was placed on quarantine status," (Dkt. No. 35 at 3). In the same motion, Mr. Cox alleged that "all out of unit movement [was] canceled the last week of November" and provided documentation from December 3, 2020 noting some restrictions due to COVID-19. (Dkt. No. 35 at 2.) Therefore, the

dispute appears to be semantic: Ms. Brown used the term "restricted movement status" to refer to the status Commander Ogle implemented on December 5, while Mr. Cox interpreted it to refer to any restrictions on inmates' movement due to COVID-19. This misunderstanding does not warrant sanctions. At the same time, Ms. Brown's declaration suggests that the law library was open until December 5, 2020, while Mr. Cox alleges that it was closed in November 2020. (Dkt. No. 35 at 2.) The difference between these dates is not material for purposes of resolving the present motion, but the Court cautions the parties to ensure they are precise in all of their filings.

DATED this 26th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE