THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LESTER COX,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MIRA NARKIEWICZ, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C19-1486-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff John L. Cox's objections (Dkt. No. 66) to the report and recommendation ("R&R") (Dkt. No. 29) of the Honorable Michelle L. Peterson, United States Magistrate Judge, which recommends granting Defendants' motion for summary judgment (Dkt. No. 16), dismissing Mr. Cox's claims (Dkt. No. 6), and denying as moot his motion to compel discovery (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and, for the reasons explained below, OVERRULES Mr. Cox's objections, ADOPTS the R&R, GRANTS summary judgment, and therefore DISMISSES his complaint with prejudice and DENIES his motion to compel.

I.   **BACKGROUND**

　　A.   **Mr. Cox's Claims**

Mr. Cox is a military veteran who has suffered traumatic brain injuries and has previously been diagnosed with various mental health impairments, including post-traumatic

stress disorder ("PTSD"), depression, and anxiety. (Dkt. No. 29 at 3–4.)[1]

In May 2013, Mr. Cox was transferred to Airway Heights Corrections Center ("AHCC") from another Washington State prison. (*See id.* at 4.) It was at AHCC, Mr. Cox alleges, that Defendants Dr. Mira Narkiewicz, Dr. Timothy Whetstine-Richel, and Michael Spencer failed to adequately provide for his medical care, retaliated against him for his efforts to advocate for his medical care, or did both. (*See generally id.* at 4–12.)

In particular, Mr. Cox alleges that Dr. Narkiewicz, a psychiatrist at AHCC, cancelled his existing medication prescriptions when he arrived at the facility in 2013 (she denies this) and delayed until 2017 prescribing him medication that he says he had long needed to treat his mental health conditions. (*See id.* at 4–8.) Mr. Cox also alleges that Mr. Spencer, a psychologist who began treating him in 2017, made improper notations in Mr. Cox's medical chart, prompting Mr. Cox to request a chaperone at future appointments. (*Id.* at 8–9.) Mr. Cox apparently had multiple disagreements with Mr. Spencer, who he also alleges mismanaged Mr. Cox's PTSD. (*See id.* at 9–11 & n.5.) In addition, Dr. Whetstine-Richel—a psychologist who, among other things, was the chaperone at Mr. Cox's appointments with Dr. Spencer—allegedly entered false information in Mr. Cox's medical records in retaliation for Mr. Cox's grievances to prison officials and outside agencies. (*See id.* at 9, 11–12.)

Mr. Cox filed this lawsuit in September 2019 alleging[2] that Mr. Spencer and Dr. Narkiewicz violated his Eighth Amendment rights to be free from cruel and unusual punishment, including deliberate indifference to medical needs, based on how they managed his PTSD; and that Mr. Spencer and Dr. Whetstine-Richel retaliated against him in violation of the First Amendment. (*See generally id.* at 12–13, Dkt. Nos. 1, 6.)

---

[1] Because Mr. Cox's objection does not specifically question the R&R's description of the facts, (*see generally* Dkt. No. 66), the Court cites to that description in its statement of the facts.

[2] Mr. Cox's complaint alleges additional claims, but the ones discussed here are all that remain after Judge Peterson granted him leave to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915. (*See* Dkt. Nos. 1-1, 4–7.)

B.  **The R&R, the Continuances, and Mr. Cox's Objections**

On November 10, 2020, Judge Peterson entered the R&R recommending that Defendants' motion for summary judgment be granted. (Dkt. No. 29.) Judge Peterson concluded from the record before her that Mr. Cox failed to establish a First Amendment retaliation claim against Mr. Spencer or Dr. Whetstine-Richel because there was no evidence that either of them had a retaliatory motive when they put information in Mr. Cox's medical charts that he found objectionable. (*Id.* at 15–18.) Judge Peterson also concluded there was no genuine dispute that Dr. Narkiewicz and Mr. Spencer did not violate Mr. Cox's Eighth Amendment rights because the evidence established at most a difference of opinion between them and him as to the proper diagnosis, management, and treatment of his mental health conditions. (*Id.* at 18–21.)

Under Federal Rule of Civil Procedure 72, Mr. Cox's objections to the R&R were originally due in December 2020. However, citing COVID-19-related restrictions at his prison, especially limited access to the law library, Mr. Cox secured ten continuances for this deadline. (*See* Dkt. Nos. 34, 37, 39, 43, 50 53, 56, 59, 62, 65.) When granting the ninth extension, the Court ordered Mr. Cox to file a status report indicating how much work on his objections he had done, how much was left, and when he expected to finish. (Dkt. No. 62.)

Mr. Cox responded that he was "approximately half finished" with his legal research but still had to organize and write the objections. (Dkt. No. 63 at 5 (emphasis his).) He asked for another six weeks but did not provide an estimated completion date. (*See id.* at 5–7.) The Court granted that extension, plus 14 more days, and said there would be no more extensions. (Dkt. No. 65.) Mr. Cox then timely filed his objections. (Dkt. No. 66.)

I.  **DISCUSSION**

A.  **Legal Standards**

A district court reviews *de novo* those portions of a magistrate judge's R&R that a party properly objects to. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party does this by timely filing "specific written objections." Fed. R. Civ. P. 72(b)(2). Because this requires *specific*

objections, general objections or repeating prior arguments is tantamount to no objection at all. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020). Considering insufficiently specific objections would essentially involve *de novo* review of the whole report, defeating the purpose of referring matters to the magistrate judge, causing a duplication of time and effort, and wasting judicial resources. *Id.* Thus, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003); *see also Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report and recommendation to which specific written objection is made").

While *pro se* litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that does not excuse them from making proper objections, *see, e.g.*, *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, he is expected to abide by the rules of the court in which he litigates.").

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). The moving party has the initial burden to show the lack of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that party succeeds, the burden shifts to the nonmoving party to demonstrate there is an issue for trial. *See id.* at 323–24.

A.   **Deadline for Mr. Cox's Objections**

Mr. Cox first objects to the Court-imposed deadline to lodging his objections to the R&R. (Dkt. No. 66 at 2.) Even though he complied with the deadline, he claims that he had difficulty

meeting it due to circumstances outside of his control. (*Id.*) But he received nearly a year to prepare an objection that most litigants—including those in prisons dealing with COVID-19—must prepare in two weeks. Nor does the record suggest that more time would have helped. Mr. Cox repeatedly cited lack of access to the law library in seeking prior extensions, yet told the Court in September 2021 that he was "approximately <u>half</u> <u>finished</u> with what little bit of research he can do." (Dkt. No. 63 at 6 (emphasis his).) And the objections he ultimately filed cite no legal authority at all. (*See generally* Dkt. No. 66.) While Mr. Cox may have preferred to use the law library for things other than legal research, his alleged lack of access to it does not appear to have prejudiced him.

### B. Merits of Mr. Cox's Objections

Mr. Cox next objects to the R&R's characterization of his Eight Amendment claims as merely a difference of opinion on medical treatment. (Dkt. No. 66 at 3.) Rather, he claims, Defendants colluded with other Department of Corrections employees to deny him medical treatment and conceal the fact that they were doing so. (*Id.*) In making this argument, Mr. Cox points to prison treatment protocol documents that allegedly prescribe treatments (especially medication) that he says were denied to him for categories of health conditions into which he falls. (*Id.* at 3–5.) In other words, he disagrees with Defendants' professional opinions, which is precisely the sort of dispute that, as the R&R correctly states, does not violate the Eighth Amendment. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

As to his retaliation claims, Mr. Cox argues that Mr. Spencer's treatment notes show "contempt and disdain" for Mr. Cox and that Dr. Whetstine-Richel's emails "clearly show retaliatory intent" because the doctor threatened to file infractions against Mr. Cox. (Dkt. No. 66 at 8.) Even if true,[3] this does not establish that any alleged retaliation was "because of" Mr. Cox's protected activity, as needed for his First Amendment claim. (*See* Dkt. No. 29 at 16

---

[3] Mr. Cox does not cite the emails in question, nor do any of the emails attached to his objection appear to involve Dr. Whetstine-Richel. (*See generally* Dkt. No. 65-1.)

(stating the governing legal test).)

The rest of Mr. Cox's objections consist of arguments unrelated to the R&R. (*See* Dkt. No. 66 at 5–6 (discussing suicide rates among veterans and the January 6, 2021 insurrection at the U.S. Capitol), 8–9 (raising issues regarding non-parties Lou Sowers and Robert "Rusty" Smith).) The Court need not and will not address them.

In sum, the Court does not doubt that Mr. Cox is struggling with significant mental health challenges, including suicidal thoughts. (*See id.* at 5–6.) But its role is to determine whether medical professionals' decisions are consistent with the law—not to second guess them.

## II.   CONCLUSION

For the foregoing reasons, Mr. Cox's objections (Dkt. No. 66) are OVERRULED. The Court ADOPTS the R&R (Dkt. No. 29), GRANTS summary judgment to Defendants (Dkt. No. 16), DENIES as moot Mr. Cox's motion to compel (Dkt. No. 24), and DISMISSES his case with prejudice.

DATED this 23rd day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE